UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK K. WHITE,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER NICE<br>NEWARK POLICE DIVISION,<br><br>Defendant. | **Civil Action No. 22-684 (JXN) (JBC)**<br><br>**MEMORANDUM<br>OPINION & ORDER** |

**NEALS**, District Judge:

This matter comes before the Court on the *in forma pauperis* application ("IFP Application") of Plaintiff Frederick K. White ("Plaintiff") to proceed without prepayment of fees under 28 U.S.C. § 1915. *See* IFP Appl., ECF No. 1-1. For the reasons discussed herein, Plaintiff's request to proceed without prepayment is **GRANTED** and the Clerk of Court is directed to file the Complaint and issue a summons.

I. **BACKGROUND**

Plaintiff appears to be pursuing the above-captioned matter because of the events that took place on February 9, 2020, when Plaintiff was arrested on a drug court warrant. *See* Complaint at 3, ECF No. 1. As set forth in the Complaint, Plaintiff alleges that he was "beaten in the middle of the street by Officer Nice" and suffered damage to his dentures. *Id.* Notwithstanding the above, when prompted to state the relief that he is seeking, Plaintiff did not make any request. *See id.* at 4, section V. In connection with the Complaint, Plaintiff submitted an IFP Application to proceed in this Court without prepaying fees or costs. *See* ECF No. 1-1.

1

## II. DISCUSSION

As an initial matter, the Court must carefully review Plaintiff's IFP Application and "if convinced that [the applicant] is unable to pay the court costs and filing fees, the [C]ourt will grant leave to proceed *in forma pauperis.*" *Douris v. Middletown Township*, 293 F. App'x 130, 132 (3d Cir. 2008) (citing *Deutsch v. United States*, 61 F.3d 1080, 1084 n.5 (3d. Cir. 1995)). Should Plaintiff be permitted to proceed *in forma pauperis*, the Court must also screen the Complaint to determine whether it should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege a "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C.§ 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

omitted); *see Madsen v. Washington Twp. Police*, No. CV 20-2395 (FLW), 2021 WL 3932056, at *2 (D.N.J. Sept. 2, 2021).

### A. IFP Application

Plaintiff's IFP Application included a statement of his assets, income, and expenses. *See generally* IFP Appl, ECF No. 1-1. The IFP Application is complete and indicates that Plaintiff is unemployed, possesses no savings or assets, and only receives $911 per month in retirement benefits. *Id.* at 2. Accordingly, the Court finds that Plaintiff has established indigence and grants the IFP Application.

### B. Screening Plaintiff's Complaint Pursuant to Section 1915

In the Complaint, Plaintiff alleges that he was arrested on February 9, 2020. Compl. at 3, ECF No. 1. When prompted to describe his claims, Plaintiff alleges that he was "beaten in the middle of the street by Officer Nice" and suffered damage to his dentures. *Id.* Notwithstanding the above, Plaintiff's Complaint does not include any request for relief. *See id.* at 4, section V.

As best the Court can construe, Plaintiff appears to assert a claim for excessive force against Officer Nice. In effectuating a valid stop, police officers are allowed to use a reasonable amount of force. *Graham v. Connor*, 490 U.S. 386 (1989). Use of excessive force, however, "is itself an unlawful 'seizure' under the Fourth Amendment." *Couden v. Duffy*, 446 F.3d 483, 496 (3d Cir. 2006). To prove excessive force under a Section 1983 claim, a plaintiff must show that: (1) a seizure occurred; and (2) the seizure was unreasonable. *Kokinda v. Breiner,* 557 F.Supp.2d 581, 589 (M.D.Pa. 2008). Because Plaintiff alleges that he was arrested, the first element is satisfied. Thus, the only element the Court will analyze is whether the seizure was unreasonable.

A seizure is unreasonable under the Fourth Amendment "if, under the totality of the circumstances, the officers' actions are objectively reasonable in light of the facts and

3

circumstances confronting them, without regard to their underlying intent or motivations." *Id.* (quoting *Graham v. Conner*, 490 U.S. 386, 397 (1989)). Factors a court may consider when determining reasonableness include "the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, . . . whether [the suspect] actively . . . resist[ed] arrest or attempt[ed] to evade arrest by flight[,] . . . the duration of the action, whether the action [took] place in the context of effecting an arrest, [and] the possibility that the suspect [was] armed." *Id.*

Although the allegations in the Complaint are thin, Plaintiff has alleged sufficient facts to show that the seizure was unreasonable. Plaintiff alleges that he was arrested on a drug court warrant on February 9, 2020. ECF No. 1 at 3. During the arrest, Plaintiff claims that he was "beaten in the middle of the street by Officer Nice[.]" Significantly, Plaintiff alleges that he was injured when his dentures were destroyed. *Id.* Under these circumstances, Plaintiff's claim that he was beaten and injured during his arrest is sufficient to support a claim of excessive force. Accordingly, Court concludes that the Complaint is not frivolous, does not fail to state a claim, and does not appear to sue a defendant immune from monetary relief.

**IT IS THEREFORE,** on this 14th day of March, 2022,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* [ECF No. 1-1] is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court is directed to file the Complaint and issue a summons.

**JULIEN XAVIER NEALS**
United States District Judge