UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK K. WHITE,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER NICE<br>NEWARK POLICE DIVISION,<br><br>Defendant. | Civil Action No. 22-684 (JXN) (JBC)<br><br>OPINION |

**NEALS**, District Judge:

     This matter comes before the Court on the motion to dismiss [ECF No. 18] filed by the Officer Matthew Nice ("Defendant"). Defendant seeks to dismiss Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted. The deadline for Plaintiff to submit opposition papers was May 22, 2023. To date, Plaintiff has not submitted an opposition nor requested an extension of the deadline to oppose Defendant's motion to dismiss. Accordingly, this Court reviews the motion as unopposed. The Court has carefully considered the parties' submissions (Plaintiff's Complaint and Defendant's motion to dismiss) and decides the matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's motion to dismiss [ECF No. 18] is **GRANTED** and Plaintiff's Complaint is **DISMISSED without prejudice**.

    **I.**     **BACKGROUND**

     Plaintiff appears to be pursuing the above-captioned matter because of the events that took place on February 9, 2020, when Plaintiff was arrested on a drug court warrant. *See* Complaint at 3, ECF No. 1. As set forth in the Complaint, Plaintiff alleges that he was "beaten in the middle of

the street by Officer Nice" and suffered damage to his dentures. *Id.* Notwithstanding the above, when prompted to state the relief that he is seeking, Plaintiff did not make any request. *See id.* at 4, section V.

On September 9, 2022, Defendant was served with the Summons and Complaint. ECF No. 13. After the parties agreed to extend the time for Defendant to file a response to the Complaint, Defendant filed his motion to dismiss on April 7, 2023. On May 1, 2023, Plaintiff requested an extension of time to file opposition to Defendant's motion, which the Court subsequently granted and extended the deadline for Plaintiff to file an opposition to May 22, 2023. To date, Plaintiff has not submitted an opposition nor requested an extension of the deadline to oppose Defendant's motion to dismiss.

II.     **LEGAL STANDARD**

Pursuant to Rule 12(b)(6), the defendant may move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering the motion, the court assumes the truth of the facts alleged and draws all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). However, the allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the facts alleged "must be enough to raise a right to relief above the speculative level." *Id.* The complaint will only survive dismissal if it provides factual allegations that support a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Under this standard, the Third Circuit requires a three-part inquiry: (1) the court must recite the elements that are required under the relevant causes of action; (2) the court must ascertain the allegations in the complaint that are conclusory and unqualified for an assumption of truth; and (3)

2

the court must assume the truth of the factual allegations in the complaint and assess the plausibility of the claims for relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). Ultimately, the complaint "must do more than allege the plaintiff's entitlement to relief"—it "has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

### III. DISCUSSION[1]

Defendant contends that Plaintiff's Complaint should be dismissed because Plaintiff failed to serve a notice of claim pursuant to the Tort Claims Act ("TCA"). Pursuant to N.J.S.A. 59:8–8., a person bringing a tort claim against a public official must give notice to the entity within ninety days of the injury. A claimant is "forever barred from recovering against a public entity or public employee" if the claimant fails to file the notice of claim with the public entity within 90 days of accrual of the claim and fails to obtain permission of a judge to file a late notice within one year; or if two years have elapsed since accrual of the claim. N.J.S.A. 59:8-8(a). Because a claimant may be forever barred from filing suit under the Act, failure to file a notice of claim is a ground for dismissal at the motion to dismiss stage.

Here, the alleged constitutional injuries occurred on February 9, 2020. The Complaint does not contain allegations of Plaintiff having met the presentation requirements of the TCA. On the face of the Complaint, the time in which Plaintiff was required to present his notice under the TCA has expired. Because failure to file a notice of claim is a ground for dismissal at the motion to dismiss stage, the Court finds the negligence claim against Defendant in the Complaint fail to state a claim. *See e.g. Niblack v. SCO Malbreen*, No. 15-5298, 2016 WL 1628881, at *3 (D.N.J. Apr.

---

[1] During the Court's *sua sponte* screening of Plaintiff's Complaint, the Court construed Plaintiff's Complaint to assert an excessive force claim. *See* ECF No. 5 at 3. In moving to dismiss Plaintiff's Complaint, Defendant construes the Complaint as asserting a tort claim. Because Plaintiff has neither opposed the motion nor provided any further clarification regarding the claims alleged in his Complaint, the Court will accept Defendant's construction.

25, 2016) (dismissing TCA claims for failure to allege the plaintiff met the notice of claim requirements).

IV. **CONCLUSION**

For the reasons set forth above, the motion to dismiss [ECF No. 18] is **GRANTED** and Plaintiff's Complaint is **DISMISSED without prejudice**.[2]  An appropriate Order accompanies this Opinion.

DATED: May 25, 2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

---

[2] In light of Plaintiff's *pro se* status, the Court will dismiss the Complaint without prejudice.  Plaintiff must make the appropriate motion should he wish to reopen this matter and amend his pleadings to clarify whether he is bringing an excessive force or tort claim.